IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRINITY MORTGAGE COMPANIES, INC,<br><br>                      Plaintiff,<br><br>vs.<br><br>DAVID DRYER, DRYER AND ASSOCIATES, P.C.,<br><br>                      Defendants. | Case No. 09-CV-551-TCK-FHM |

## OPINION AND ORDER

Defendants' Motion to Compel Response to Subpoena Duces Tecum [Dkt. 26] is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed and is therefore ripe for consideration.

The present motion seeks an order compelling the law firm Robinett & Murphy to produce documents responsive to a subpoena duces tecum which seeks files and billing information related to Robinett & Murphy representation of Trinity Mortgage Companies in *Dennis Junker v. Richard Gheisar, et al.*, Tulsa County Case No. CJ-2007-2800. [Dkt. 26-4]. Trinity Mortgage Companies objects to production on the basis of the attorney-client privilege. The undersigned finds that the Motion to Compel should be and is hereby GRANTED.

## Background

The Complaint in this case alleges that Defendants, attorney David Dryer and Dryer and Associates (Dryer), represented Trinity Mortgage Companies (Trinity), Plaintiff herein, in the Tulsa County lawsuit *Dennis Junker v. Richard Gheisar, et al.*, Tulsa County Case No. CJ-2007-2800. Trinity alleges that Dryer was negligent in the representation of Trinity

in that case and seeks actual and punitive damages on the following theories of recovery: legal malpractice; fraud; breach of fiduciary duty; and breach of contract. [Dkt. 1].

On June 24, 2008, during Dryer's representation of Trinity in the Tulsa County case, a default judgment was entered against Trinity in the amount of $71,350. [Dkt. 26-2]. Subsequent to the termination of Dryer's representation of Trinity, the law firm of Robinett & Murphy assumed legal representation of Trinity. On July 7, 2009, on the joint motion of the parties, judgment in the amount of $150,000 was entered in the Tulsa County case against Trinity mortgage. [Dkt. 26-3]. The Complaint in this case recites that the actions taken by Dryer in the representation of Trinity caused Trinity "extraordinary attorneys fees, the liability of substantial judgments in the Tulsa Case and extraordinary business losses. The judgment and the attorneys' fees alone, total over $200,000." [Dkt. 1, p. 3].

## Discussion

Federal Rule of Evidence 501 provides that privileges are determined according to state law in diversity cases. Federal jurisdiction in this case is based on diversity of citizenship and therefore the applicability of the attorney-client privilege is based on Oklahoma law.

The extent of the attorney-client privilege is codified at 12 Okla. Stat. § 2502, which states that a client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client. 12 Okla. Stat. §2502 (B). However, the statute also provides:

> D. There is no privilege under this section:
>
> \* \* \*

> 3. As to a communication relevant to an issue of breach of
> duty by the attorney to the client or by the client to the attorney;

12 Okla. Stat. §2502(D)(3). The question posed by the instant motion is whether, under the circumstances presented, the documents generated by Robinett & Murphy in the representation of Trinity mortgage in the Tulsa County case fall outside of the attorney-client privilege because they are relevant to an issue of breach of duty by attorney Dyer to Trinity under 12 Okla. Stat. §2502(D)(3).

Trinity asserts that it objects to the production of Robinett & Murphy files, although neither it nor its counsel have looked at the files and therefore do not know if the files actually contain any documents that may qualify as attorney-client communications. Trinity also asserts that it has not placed the representation by Robinett & Murphy at issue in this case, and never intended to waive the attorney-client privilege regarding the Robinett & Murphy file. For its part, Robinett & Murphy states it is withholding production based on the assertion of Trinity's current counsel that the requested documents are protected by the attorney-client privilege. [Dkt. 30].

The party seeking to assert a privilege has the burden of establishing its applicability. *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995), *United States v. Lopez*, 777 F.2d 543, 552 (10th Cir.1985). The Court finds that Trinity has not established the applicability of the attorney-client privilege to the Robinett & Murphy documents requested by the subpoena duces tecum. The records sought by Dryer relate to Robinett & Murphy's representation of Trinity in the same Tulsa County lawsuit where Trinity was previously represented by Dryer. The damages Trinity now seeks to recover stem from Dryer's representation of Trinity in the Tulsa County lawsuit and appear to be based, at least in

part, on the judgment rendered in the Tulsa County lawsuit after Dryer's representation ended. The Court finds, therefore, that the actions taken by Robinett & Murphy firm in its representation of Trinity in that lawsuit are relevant to the breach of duty by Dryer alleged by Plaintiff in this case.

The parties did not cite to Oklahoma or Tenth Circuit authority dealing with this issue, nor did the Court's research unearth any such authority. The Court is, however, persuaded by the analysis of the Supreme Court of Washington in *Pappas v. Holloway*, 787 P.2d 30 (Wash. 1990). In that case the Court found that former client's malpractice action against its former attorney constituted an implied waiver of the attorney-client privilege as to all attorneys who were involved in defending the client in the underlying litigation that gave rise to the malpractice suit.

Attorney Pappas was one of several attorneys representing a party sued by various purchasers of diseased cattle. Shortly before trial commenced Pappas withdrew from the case. Pappas sued his former client for fees and the client counterclaimed, alleging legal malpractice. Pappas brought in all the other attorneys who had represented the client in the underlying litigation as third party defendants alleging that the other attorneys had breached the duty of care to the client. Pappas sought production of documents related to the representation of his former client by the 3rd party defendant attorneys. The trial court ordered production finding that the client waived the attorney-client privilege as to all attorneys who participated in representing the client in the litigation.

On appeal the client acknowledged that filing the legal malpractice counterclaim waived the attorney-client privilege as to Pappas, but argued that it was not automatically waived as to the third-party defendant attorneys. The Washington Supreme Court rejected

4

the client's argument.  The Court noted that, like here, the communications being sought are those that were generated during the course of the underlying litigation.  Further, the communications from the other attorneys in the underlying litigation were relevant because the client placed its damages from that action in issue.  *Id.* at 35.  The Court applied a three part test to determine whether waiver of the attorney-client privilege should be implied.  The Court considered whether: 1) assertion of the privilege was the result of some affirmative action, such as filing suit, by the asserting party; 2) through the affirmative act the asserting party placed the protected information at issue; and 3) application of the privilege would have denied the opposing party information vital to defense of the suit.  *Id.* at 36.  Finding all three conditions met, the Court affirmed the trial court.

In the present case, there is no need to find an implied waiver because the communications fall outside of the privilege as it is defined by applicable law, 25 Okla. Stat. § 2502(D)(3).  Furthermore, the interest of fairness is served by production of the Robinett & Murphy materials because: Trinity took the affirmative act of filing suit against Dryer; by filing suit Trinity put the agreed judgment and legal representation in the Tulsa County lawsuit at issue; and it would be unfair to deny Dryer access to the Robinett-Murphy files which may assist in the defense of this suit.

## **Conclusion**

The undersigned finds that the Robinett & Murphy documents fall within the terms of § 2502(D)(3) and are therefore outside of the attorney-client privilege.  Accordingly, Defendants' Motion to Compel Response to Subpoena Duces Tecum [Dkt. 26] is GRANTED.  Robinett & Murphy are hereby required to fully respond to the subpoena duces tecum. The parties are to bear their own costs in this matter.

SO ORDERED this 8th day of June, 2010.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE