# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

TRINITY MORTGAGE COMPANIES, INC,

    Plaintiff,

vs.

DAVID DRYER, DRYER AND ASSOCIATES, P.C.,

    Defendants.

Case No. 09-CV-551-TCK-FHM

## **OPINION AND ORDER**

Defendants' Motion to Compel [Dkt. 27] is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed and is therefore ripe for consideration. The Motion to Compel is GRANTED as set out herein.

Defendant has advised that the issue of the location where requested documents will be produced is moot as the parties have agreed to the production of documents at the offices of Plaintiff's counsel on May 12, 2010.

### **Request for Production Nos 1 and 6**

Request No. 1 seeks production of all contracts, agreements, letter agreements and settlement agreements between Plaintiff Trinity Mortgage Companies (Trinity) and various persons and entities which relate to the underlying case or the representation by any attorney in either case. [Dkt. 27-5, pp. 2-3]. Request No. 6 seeks the settlement agreement or other document reflecting or relating to the agreement between Trinity and Dennis Junker, plaintiff in the Tulsa County case, which was referred to in the Agreed Motion to Enter Judgment in the Tulsa County Case. [Dkt. 27-5, pp. 4-5].

Trinity made a broad-based objection to both requests that they are overly broad, vague, ambiguous, cumbersome, irrelevant, and highly confidential and privileged. Trinity also states that it will provide responsive documents to the extent they are not privileged. In its response to the Motion to Compel, Trinity asserts that the request for the settlement agreement is a fishing expedition for the purpose of making a collateral attack on the judgment. Trinity also asserts that: the reasonableness of the compromise reached in the Tulsa County case is for the jury to determine; confessed judgments and settlement agreements are not generally discoverable or admissible; and the settlement agreement is not relevant. Trinity's objections to production of the settlement agreement and documents relating thereto are overruled.

The admissibility of the settlement agreement is not an issue that will be decided on this motion to compel. The scope of discovery is set out in Fed. R. Civ. P. 26(b)(1): "[p]arties may obtain discovery regarding any non privileged matter that is relevant to any party's claim or defense . . . [r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Trinity's alleged damages in this legal malpractice action are related to the settlement of the underlying Tulsa County lawsuit. As a consequence, even if the agreements themselves are eventually held to be inadmissible, the content of all agreements reached in the private mediation that lead to or are related to the entry of an agreed judgment in the Tulsa County lawsuit is information which appears reasonably calculated to lead to the discovery of admissible evidence and therefore falls within the scope of discovery.

The Court rejects Trinity's assertion that well-established law precludes the discovery of the settlement agreement. The well-established law Trinity cited pertains to

the discovery and potential admissibility of settlement agreements and related documents in circumstances markedly dissimilar to the instant case. The well-established law applicable to this case is that where, as here, information concerning the settlement of a case is relevant to a case other than the one settled, such as where claims are made against an attorney involved in the earlier case, settlement information is admissible and therefore is also discoverable. *See e.g. Towerridge, Inc., v. T.A.O., Inc.*, 111 F.3d 758, 770 (10th Cir. 1997) (Fed.R.Evid. 408 does not bar admission of evidence of settlement of a claim different from the case being currently litigated); *Broadcort Capital Corp. v. Summa Medical Corp.*, 972 F.2d 1183, 1194 (10th Cir. 1992) (same).

In the present case, where the client has sued a former attorney over the conduct of the legal representation in the settled suit and where the damages are in based in part on the amount of settlement, documents related to the settlement agreement and the negotiations leading to the settlement agreement fall within the scope of discovery. Therefore, the Motion to Compel is GRANTED as to Request for Production Nos. 1 and 6.

## **Request for Production Nos. 7-9**

These requests relate to the fees paid to the Robinett & Murphy law firm. Plaintiff has agreed to produce the non-privileged documents. By separate order, the undersigned has determined that the attorney client privilege does not apply to the Robinett & Murphy documents. Accordingly, the Motion to Compel is GRANTED as to Request for Production Nos. 7-9.

### Request for Production No. 12

This request sought production of all documents reflecting or relating to the alleged agreement between Plaintiff and Dryer and Dryer and Associates, P.C., described in paragraphs 7-9 of the Complaint. Plaintiff objected to the request as seeking highly confidential or privileged information. Plaintiff also asserted that the request sought information equally available to both parties. [Dkt. 27-5, p. 6]. In Plaintiff's response to the Motion to Compel, Plaintiff stated: "Trinity has never alleged a written agreement between Trinity and Dryer or DAA." [Dkt. 33, p. 6]. In view of Plaintiff's apparent acknowledgment that no written agreement exists, Defendant states that the motion is moot as to this request.

If, in fact, there are not documents responsive to Request for Production No. 12, Defendant is entitled to a sworn answer to that effect, which Trinity is hereby ordered to provide.

### Request for Production Nos. 22-26

Defendant advises that Plaintiff has committed to producing documents responsive to these requests and that the Court would be advised if the documents are not included in the production. [Dkt. 35, p. 9]. Defendant has not notified the Court that this matter is still outstanding. Based on the foregoing, the motion is moot as to Request for Production Nos. 22-26.

## **CONCLUSION**

Defendants' Motion to Compel [Dkt. 27] is GRANTED as provided herein. Trinity is required to promptly comply with this Order. The parties are to bear their own costs in this matter.

SO ORDERED this 8th day of June, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE