UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| TRINITY MORTGAGE COMPANIES INC., | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 09-CV-551-TCK-FHM |
| DAVID DRYER and DRYER AND ASSOCIATES, P.C., | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff's Motion to Compel [Dkt. 45] is before the Court for decision. Defendants have filed a response. [Dkt. 51]. No reply has been filed. The Court will separately address the issues raised by Plaintiff.

### Attorney-Client

Plaintiff seeks discovery regarding communications between Defendants and Plaintiff's former co-defendants in the underlying case. Plaintiff apparently contends, [though] it is not entirely clear from Plaintiff's motion, that there is no separate attorney-client privilege between Defendants and Plaintiff's former co-defendants because Defendants represented multiple parties in the underlying case. Plaintiff cites no authority in support of its position.

Defendants respond that there was an attorney-client relationship between Defendants and Plaintiff's former co-defendants in the underlying case and that the former clients have not waived the privilege.

The Court finds that there was an attorney-client relationship between Defendants and Plaintiff's former co-defendants in the underlying case. The Court

further finds that Plaintiff has not established that there has been a waiver of the privilege. This aspect of Plaintiff's Motion to Compel is, therefore, denied.

### Ethical or Professional Responsibility Complaints

Plaintiff argues that this information is relevant to its punitive damage claim and may lead to the identification of witnesses. Plaintiff does not explain how such information, if it exists, would either support its punitive damage claim or identify witnesses to this case.

Defendants respond that such evidence would be inadmissible under Fed.R.Evid. 404(b).

Based on Plaintiff's failure to explain how this information, if it exists, would be admissible or lead to admissible evidence, this aspect of Plaintiff's Motion to Compel is denied.

### Document Requests Nos. 11 and 12

Plaintiff contends that Defendants did not answer these requests. However, the attached discovery responses show that Defendants responded that Defendants did not possess any responsive documents. This aspect of Plaintiff's Motion to Compel is denied.

### Communications Between Defendants and Defendants' Insurer

Plaintiff seeks to compel production of any statements by Defendants to Defendants' insurer. Plaintiff argues that Defendants have not cited any authority to support Defendants' claim that such statements are privileged.

Defendants respond that the only responsive documents are between Defendant and an attorney for Defendants' insurer. Defendants assert work product protection

and/or the attorney-client privilege. Defendants cite several cases in support of their position.

Based upon the authorities cited by Defendants, this aspect of Plaintiff's Motion to Compel is denied.

### Native Format

Plaintiff seeks responsive information in native format. Defendants have agreed to this request. This aspect of Plaintiff's Motion to Compel is moot.

### **Conclusion**

Plaintiff's Motion to Compel [Dkt. 45] is DENIED as set forth herein.

SO ORDERED this 5th day of October, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE